UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 14-50033-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| KENNEDY RUNNER, | ) | |
| | ) | |
| Defendant. | ) | |

On July 30, 2014, the court granted the government's motion for a

psychiatric or psychological examination of Mr. Runner under the provisions of

18 U.S.C. § 4242.  (Docket 33).  On August 11, 2014, Mr. Runner filed a motion

and supporting brief requesting the examination be video recorded.  (Dockets 34

& 35).  The government resists defendant's motion.  (Docket 36).

The court conducted a hearing on defendant's motion on August 21, 2014.

The court received the testimony of Dr. Gordon Zilberman,[1] a board certified

forensic psychologist with the United States Bureau of Prisons, Metropolitan

Correctional Center ("MCC"), San Diego, California.  The court also considered

the filings and arguments of counsel.  Dr. Zilberman testified that in

approximately 2003, one of his competency evaluations was video recorded by

court order.  Dr. Zilberman did not identify any problems which occurred

because of that video recording.  Dr. Zilberman acknowledged he cannot

---

[1]Dr. Zilberman completed Mr. Runner's competency evaluation under
18 U.S.C. § 4241.  See Docket 25.

anticipate how Mr. Runner will respond to a video camera during the evaluation process, but paranoid schizophrenics typically are very suspicious of cameras and other people spying on them.   In his professional opinion, Dr. Zilberman is opposed to the use of video recording because the MCC is not set up for that activity, the camera would have to be visible in a MCC conference room, and not in his office where evaluations are customarily done.  According to Dr. Zilberman, Mr. Runner was comfortable and acclimated to the office setting during the § 4241 evaluation.

The court notes periodic reviews of civil commitments under 18 U.S.C. §§ 4245 and 4246 may be video recorded.  See 18 U.S.C. § 4247(f) ("Upon written request of defense counsel, the court may order a videotape record made of the defendant's testimony or interview upon which the periodic report is based . . . . Such videotape record shall be submitted to the court along with the periodic report.").  Other than in that particular instance, there is no statutory authority compelling video recording of mental evaluations.

Mr. Runner cites to the American Bar Association Criminal Justice Mental Health Standards[2] as justification for video recording.  The ABA Standards provide:

---

[2]The ABA Criminal Justice Mental Health Standards may be accessed on-line at: http://www.americanbar.org/publications/criminal_justice_section_archive/crimjust_standards_mentalhealth_blk.html (accessed by the court on August 21, 2014).

> Recording the evaluation.  All court-ordered evaluations of defendant initiated by the prosecution should be recorded on audiotape or, if possible, on videotape, and a copy of the recording should be provided promptly to the defense attorney. . . .

ABA Criminal Justice Mental Health Standard 7-3.6(d), Procedures for Conducting Mental Evaluations.

Guidance for consideration of the ABA Standards is found in the district court's analysis by former Chief Judge Fernando J. Gaitan, Jr., for the Western Division of the Western District of Missouri in Nelson v. United States, No. 4:04-CV-8005-FJG, 2010 WL 2010520 (W.D. Missouri May 18, 2010).  Citing the ABA Standards, the government moved to have both an audio and video recording of Mr. Nelson's mental evaluation.  Id. at 2010 WL 2010520 *3.  While Nelson was a 28 U.S.C. § 2255 proceeding, Chief Judge Gaitan acknowledged the ABA Standards were "enacted to protect the rights of the defendant . . . ."  Id. at 2010 WL 2010520 *3.  Because Mr. Nelson objected to video recording, Chief Judge Gaitan denied the government's motion.  Id.

The "weight of authority [concludes] that the recording of a mental examination changes its tenor and feel in such a way that could potentially undermine its effectiveness."  United States v. Wilson, 920 F. Supp. 2d 287, 306 (E.D.N.Y. 2012).  "[M]ost courts analyze a request for recording in the same way that they evaluate a motion to permit the presence of an attorney because, while recording is less intrusive than permitting a third-party to be present, it would still impede one-on-one communication between the patient and the examiner

and tend to undermine the examiner's evaluator technique." Id. (internal quotation marks, citations and brackets omitted).  "[B]ecause there are no specialized circumstances justifying a recording here, the court will not permit it." Id.

The same analysis and result occurs when considering Fed. R. Civ. P. 35 in the civil setting of an adverse medical or mental examination.  Inserting a video recording into that setting would "undermine the ability of the [government's] expert to conduct an effective examination without a showing of any special circumstances to justify such an unusual mode of conducting a sensitive medical examination." E.E.O.C. v. Grief Brothers Corp., 218 F.R.D. 59, 64 (W.D.N.Y. 2003) (internal citations omitted).

While the ABA Standards are compelling, the court concludes a defendant must articulate a particularized need before video recording should be ordered as part of the mental health evaluation process.  Other than transparency, Mr. Runner makes a general request with no specified need for video recording.  In support of his argument for transparency, Mr. Runner requests that copies of the video recording be simultaneously provided to the court, government counsel and defense counsel.  Mr. Runner did not identify any reason to believe that Dr. Zilberman will use improper evaluation techniques or that there is a risk of miscommunication between himself and the doctor during the evaluation. Grief Brothers Corp., 218 F.R.D. at 64.

The court finds Mr. Runner has not presented any evidence or argument articulating a particularized need for video recording in this case.  Accordingly, good cause not appearing, it is hereby

ORDERED that defendant's motion (Docket 34) is denied.

Dated September 3, 2014.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE