UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>KENNEDY RUNNER,<br><br>　　　　　Defendant. | CR. 14-50033-JLV<br><br>SPECIAL VERDICT AND ORDER |

　　　　On April 8, 2014, a grand jury indicted defendant Kennedy Runner for interference with flight crew members and attendants in violation of 49 U.S.C. § 46504.  (Docket 15).  On July 22, 2014, Mr. Runner filed a notice of insanity defense pursuant to Fed. R. Crim. P. 12.2(a).  (Docket 28).  On October 16, 2014, the government, Mr. Runner and defense counsel filed a joint waiver of jury trial and consent to proceed with a bench trial.  (Docket 47).

　　　　On October 31, 2014, a bench trial was held.  The court finds by proof beyond a reasonable doubt that: (1) the court has jurisdiction pursuant to 49 U.S.C. § 46504, as the cabin doors and flight deck doors of United Airlines Flight 6089 were closed and the aircraft was preparing for deicing and take-off on the morning of March 28, 2014, at Rapid City Regional Airport, in Pennington County, South Dakota; (2) as a passenger on board Flight 6089, Mr. Runner engaged in physical and verbal conduct, becoming agitated and speaking in a very loud and irrational manner, threatened to kill another

passenger and everyone on board the aircraft; (3) Mr. Runner's conduct interfered with the performance of the duties of a flight crew member, particularly Flight Attendant Juntornpaoraya; (4) Mr. Runner's conduct caused the flight attendant and other passengers seated near Mr. Runner to be concerned about their own safety and the safety of the aircraft; (5) Mr. Runner's conduct caused the pilot of Flight 6089 to conclude the appropriate course of action, to ensure the safety of the passengers, crew, and the aircraft, was to return to the gate and have Mr. Runner removed from the aircraft; and (6) at the gate Mr. Runner was removed from the aircraft by law enforcement and then refused to cooperate, had to be handcuffed and physically restrained.

The court received the September 26, 2014, psychiatric evaluation report of Dr. Zilberman and the October 20, 2014, forensic psychiatric evaluation of Dr. Manlove. Trial Exhibits 101 and 102.

Dr. Zilberman diagnosed Mr. Runner based on the Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition (DSM-5), as suffering from schizophrenia. Trial Exhibit 101 at p. 7. Dr. Zilberman stated "[t]he essential features of this diagnosis are delusional beliefs, auditory hallucinations, disorganized speech and behavior . . . ." Id. Dr. Zilberman concluded individuals suffering from schizophrenia "lack insight or awareness that they are mentally ill." Id. Dr. Zilberman observed Mr. Runner responds well to prescription psychotropic medications which can

2

dramatically improve his condition.  Id.  Dr. Zilberman concluded "Mr. Runner suffered at the time of his offense, from a severe mental disease that prevented him from appreciating the nature and quality, but not the wrongfulness of his actions."  Id. at p. 6.

After detailing the extensive psychiatric history, Dr. Manlove's diagnosis was that Mr. Runner suffered from a schizoaffective disorder.  Trial Exhibit 102 at p. 8.  Dr. Manlove's opinion was based on his review of the evidence which he described in detail.  See id. at pp. 8-9.  Dr. Manlove's description of the evidence is incorporated by reference.  Id.  Dr. Manlove concluded to a reasonable degree of medical certainty Mr. Runner was unable to appreciate the nature and quality or the wrongfulness of his actions and "met the Federal criteria for insanity at the time of the alleged crime."  Id. at p. 8.

Based on the clear and convincing evidence presented, the court makes the following findings.  For several years prior to March 28, 2014, Mr. Runner suffered from schizophrenia or a schizoaffective disorder.  On March 28, 2014, Mr. Runner was not taking the psychotropic medications prescribed to him and he experienced delusional beliefs and auditory hallucinations.  As a result of his severe mental disease and condition, Mr. Runner was unable to appreciate the nature and quality or the wrongfulness of his conduct during the time period leading up to and during the time period charged in the indictment.

Based on these findings, it is hereby

ORDERED that pursuant to 18 U.S.C. §§ 17 and 4242, the court finds Mr. Runner not guilty by reason of insanity.

IT IS FURTHER ORDERED that pursuant to 18 U.S.C. § 4243(a), Mr. Runner shall be committed to a suitable facility operated by the Bureau of Prisons capable of conducting a further psychiatric or psychological examination of Mr. Runner.

IT IS FURTHER ORDERED that a psychiatric or psychological examination of Mr. Runner be conducted and that a report be filed with the court pursuant to the provisions of 18 U.S.C. § 4247(b) and (c).

IT IS FURTHER ORDERED that upon completion of the examination, Mr. Runner shall be transported back to the District of South Dakota.

IT IS FURTHER ORDERED that a hearing, conducted pursuant to the provisions of section 4247(d), shall be held on **Friday, December 12, 2014, at 3 p.m.**

IT IS FURTHER ORDERED that the Clerk of Court shall deliver a copy of this special verdict and order to the United States Marshals Service.

Dated November 3, 2014.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE