UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          vs.<br><br>KENNEDY RUNNER,<br><br>                    Defendant. | CR. 14-50033-JLV<br><br>ORDER |

This case originated as a prosecution for interference with flight crew members and attendants in violation of 49 U.S.C. § 46504.   (Docket 15).   On November 3, 2014, the court entered a special verdict and order.   (Docket 51).   The court found Mr. Runner not guilty by reason of insanity pursuant to 18 U.S.C. §§ 17 and 4242.   Id. at p. 4.   Pursuant to 18 U.S.C. § 4243(a), Mr. Runner was ordered committed to a suitable facility operated by the Bureau of Prisons ("BOP") so a psychiatric or psychological examination could be conducted and a report filed with the court pursuant to the provisions of 18 U.S.C. §§ 4243(b) and 4247(b) and (c).   Id.   On Tuesday, February 10, 2015, the court ordered forensic psychologist Dr. Chad Brinkley of the Springfield BOP Medical Center at Springfield, Missouri, to file the report required by 18 U.S.C. § 4243(b) with the court on or before February 17, 2015, as required by the order of December 11, 2014.   (Docket 59).   On

February 12, 2015, the § 4243(b) report was filed with the court and was provided to counsel.   (Docket 65).

On February 17, 2015, the court held a status conference with counsel.[1]   At the hearing the parties stipulated the court could consider the § 4243(b) report.   The parties also stipulated that the release of Mr. Runner into the community would not create a substantial risk of bodily harm to another person or serious damage to the property of another due to a present mental disease or defect.   The parties further stipulated Mr. Runner did not require inpatient psychiatric treatment at this time.

After careful consideration of the § 4243(b) report and the stipulations of counsel, the court finds Mr. Runner has proven by "clear and convincing evidence that his release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect."   18 U.S.C. § 4243(d).

Mr. Runner through counsel requested the court permit him to stay at the Springfield BOP Medical Center for an additional five business days to complete prerelease counseling.   Following completion of prerelease counseling, Mr. Runner wishes to be released at Rapid City, South Dakota. The government has no objection to Mr. Runner's requests.

---

[1]Mr. Demik waived Mr. Runner's presence at the hearing.

For good cause shown by clear and convincing evidence, it is hereby

ORDERED that Kennedy Runner shall remain in custody at the

Springfield BOP Medical Center in Springfield, Missouri, through February

25, 2015, to complete prerelease counseling.

IT IS FURTHER ORDERED that on February 26, 2015, or as soon as

practical thereafter, the United States Marshals Service shall transport Mr.

Runner to Rapid City, South Dakota.

IT IS FURTHER ORDERED that upon Mr. Runner's arrival in Rapid

City, South Dakota, the United States Marshals Service shall process Mr.

Runner for discharge and release from custody pursuant to 18 U.S.C.

§ 4243.

IT IS FURTHER ORDERED that the Clerk of Court shall deliver a copy

of this order to the United States Marshals Service.

Dated February 17, 2015.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE